IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

        Plaintiff,

v.                                                                    Case No. 19-10057-JWB

JOSE MARTINEZ,

        Defendant.

**MEMORANDUM AND ORDER**

This matter is before the court on Defendant's amended motion to dismiss the indictment. (Doc. 15.)[1] The government has filed its response. (Doc. 13.) For the reasons stated herein, Defendant's amended motion to dismiss (Doc. 15) is DENIED.

**I. Background**

Defendant is charged with one count of being unlawfully found in the United States in violation of 8 U.S.C. § 1326(a) and (b)(2). (Doc. 9.) The indictment alleges that Defendant is a citizen of Mexico, that he was previously removed or deported, and that he was found on February 26, 2019, in the District of Kansas, having voluntarily re-entered without obtaining consent to reapply for admission to the United States. (*Id.*)

Defendant's motion argues that "no predicate removal order that comports with due process exists" and therefore the government "is incapable of proving its case as a matter of

---

[1] Defendant had originally filed a motion to dismiss on April 25, 2019. (Doc. 12.) Defendant then notified the court by e-mail that Defendant would file an amended motion to dismiss in order to withdraw an argument regarding the Appointments Clause. Defendant has now filed an amended motion to dismiss with that argument excised from the motion. Therefore, the government does not need to file an amended response and the court may proceed on ruling on the motion.

law…." (Doc. 13 at 19.) The motion alleges that on December 26, 2007, Defendant was in prison at FCI-Fort Dix, New Jersey, when he was personally served with a notice to appear ("NTA"). (*Id.* at 2.) The NTA alleged that Defendant was subject to removal because he was in the United States in violation of section 212(a)(6)(A)(i) of the Immigration and Nationality Act ("INA")[2] and section 212(a)(2)(A)(i)(II) of the INA for being convicted of a crime under the Controlled Substances Act. The NTA directed Defendant to appear before an immigration judge at a location in Newark, New Jersey, "on a date to be set" and at "a time to be set" to show cause why he should not be removed from the United States. (Doc. 15-1 at 1.) The form contained a notice of rights, including an explanation of the right to be represented by an attorney and a statement that the hearing would not be set earlier than ten days from the date of the notice to allow Defendant sufficient time to secure counsel. (*Id.* at 4.) Defendant did not execute a portion of the form that permitted a waiver of the ten-day period. A certificate of service by the ICE agent indicates Defendant was personally served with the NTA on December 26, 2007, and was given a list of attorneys providing free legal services. (*Id.*)

A hearing was held on January 9, 2008. At the conclusion of the hearing, Defendant was ordered to be removed from the United States and returned to Mexico. Defendant waived his right to appeal. (Doc. 13, Exh. 1.)

Defendant argues the NTA was defective for failing to specify a date and time for the hearing, as explained in *Pereira v. United States,* 138 S. Ct. 2105 (2018). Because *Pereira* holds that a document lacking such information does not constitute a "notice to appear" within the meaning of 8 U.S.C. § 1229(a), Defendant argues the immigration court lacked subject matter jurisdiction to order his removal. This is so because the regulations provide that "[j]urisdiction

---

[2] "An alien present in the United States without being admitted or paroled, or who arrives in the United States at any time or place other than as designated by the Attorney General, is inadmissible." 8 U.S.C. § 1182(a)(6)(A)(i).

vests, and proceedings before an Immigration Judge commence, when a charging document is filed with the Immigration Court by the Service," and Defendant argues that an NTA under § 1229(a) constitutes the charging document for these purposes. (Doc. 15 at 6) (citing 8 C.F.R. § 1003.14(a)). Absent an NTA satisfying § 1229(a), he contends, his removal proceedings were void and in violation of due process. (Doc. 15 at 11-12.) Defendant contends the indictment must be dismissed as a result.

Defendant acknowledges there is conflicting case law on this issue after *Pereira*, and that two circuit courts have taken a position inconsistent with his argument. (*Id.* at 12-13.) But he points out the Tenth Circuit has not ruled on the issue, and he maintains that cases such as *United States v. Virgen-Ponce*, 320 F. Supp. 3d 1164 (E.D. Wa. 2018), which dismissed a § 1326 indictment based upon *Pereira*, are more persuasive.

**II. Discussion**

Neither party has requested an evidentiary hearing or challenged the facts alleged in the briefs. The court accordingly accepts as uncontested the non-conclusory facts set forth in the briefs and those shown in the documents attached to the briefs. Defendant's argument essentially asserts that the immigration court lacked jurisdiction when entering the deportation order due to the defective NTA, the order is therefore void, and, as a result, this matter must be dismissed as the government cannot establish Defendant's guilt beyond a reasonable doubt.

The undersigned has ruled previously that the immigration court is not deprived of subject matter jurisdiction due to the service of an NTA that failed to meet the standards of *Pereira*. *See United States v. Larios-Ajualat,* No. 18-10076-JWB, 2018 WL 5013522 (D. Kan. Oct. 15, 2018), *United States v. Lira-Ramirez,* No. 18-10102-JWB, 2018 WL 5013523 (D. Kan. Oct. 15, 2018). Other judges in this district have reached a similar conclusion. *See e.g., United States v.*

*Hernandez-Mendez*, No. 18-20055-01-DDC, 2019 WL 2120882 (D. Kan. May 15, 2019); *United States v. Garcia-Valadez,* No. 18-10144-EFM, 2019 WL 1058200 (D. Kan. Mar. 6, 2019); *United States v. Chavez,* No. 17-40106-HLT, 2018 WL 6079513 (D. Kan. Nov. 21, 2018).

As Defendant concedes, at least two circuit courts have found the immigration court has jurisdiction to order removal notwithstanding the use of an NTA that failed to specify the time and date of the hearing. *Karingithi v. Whitaker,* 913 F.3d 1158 (9th Cir. 2019); *Hernandez-Perez v. Whitaker*, 911 F.3d 305 (6th Cir. 2018). *Cf. United States v. Contreras-Cabrera*, ___F. App'x ___, 2019 WL 1422627 (10th Cir. Mar. 29, 2019) (concluding immigration court had jurisdiction but noting removal was conducted under a 1992 statute that did not require an NTA to contain the time and date of the hearing).

The courts in this district have applied *Pereira* narrowly and denied motions to dismiss based on the arguments raised by Defendant. *See Hernandez-Mendez*, 2019 WL 2120882, at *3 (citing cases). The Tenth Circuit has yet to rule on this issue. After examining the relevant case law,[3] the court finds the immigration court did not lack subject matter jurisdiction despite the NTA's failure to specify the time and date of the removal hearing. Moreover, the court finds the prerequisites for collateral review under 8 U.S.C. § 1326(d) have not been established or excused here. Without fully restating its prior legal analysis, the court incorporates by reference its discussion of these issues in *United States v. Serrano-Ramirez*, No. 19-10024-JWB, 2019 WL 2070309 (May 9, 2019) and *Larios-Ajualat*, 2018 WL 5013522.

This case has somewhat different facts than the other cases decided by the undersigned. The difference in this matter is that the record does not show that Defendant received a notice of hearing with a specific time and date after receiving the NTA. This fact, however, does not affect

---

[3] A survey of the case law on this issue was set forth by Judge Hanen in *United States v. Porras-Avila,* No. 19-cr-010, 2019 WL 1641191 (S.D. Tex. Apr. 16, 2019).

this court's analysis that subject matter jurisdiction is conferred under 8 U.S.C. § 1229a and is not affected by filing of an NTA. *See Garcia-Valadez*, 2019 WL 1058200, *7-8; *Hernandez-Mendez*, 2019 WL 2120882, at *3.

In summary, the court finds the subject matter jurisdiction of the immigration courts was conferred by Congress in 8 U.S.C. § 1229a and is not affected by filing of an NTA; that 8 C.F.R. § 1003.14 refers to acquisition of personal jurisdiction over a person for purposes of ordering his removal; that the regulations do not require an NTA to include the date and time of the removal hearing to constitute a "charging document" that vests the immigration court with jurisdiction (*see* 8 C.F.R. § 1003.15); and that notwithstanding the defective nature of this NTA under *Pereira*, Defendant must still meet the requirements for collateral review in § 1326(d) by showing exhaustion of administrative remedies, that he was deprived of an opportunity for judicial review, and that the removal proceeding was fundamentally unfair.

Defendant does not argue the prerequisites for collateral review under § 1326(d) are satisfied. He does not claim to have exhausted administrative remedies or to have been deprived of the opportunity for judicial review. The record of the removal proceeding indicates Defendant waived an appeal of his removal order, and Defendant does not argue the waiver was unknowingly made. Rather, Defendant argues he was "excused from the administrative and judicial review requirements because the removal order never had legal force to begin with." (Doc. 15 at 18.) For the reasons indicated above, the court concludes the immigration court had subject matter jurisdiction to order Defendant's removal. But even if the court were to find otherwise, Defendant's argument fails because Congress has limited the ability of a person charged under § 1326 to collaterally attack a deportation order. Defendant's failure to satisfy those prerequisites bars his collateral challenge. *See United States v. Almanza-Vigil*, 912 F.3d 1310, 1316 (10th Cir.

2019) (Congress codified the Fifth Amendment right to due process in § 1326(d); a non-citizen seeking to collaterally attack a previous removal order must meet the three conditions in that provision). Nothing in § 1326(d) excuses or exempts a failure to exhaust remedies or to seek judicial review where the claimed error was jurisdictional in nature. 8 U.S.C. § 1326(d) ("an alien *may not challenge the validity of the deportation order … unless*" the alien meets three conditions) (emphasis added); *United States v. Olguin-Ibarra,* No. 18-191, 2019 WL 1029960, *5 (W.D. Tex. Jan. 7, 2019) ("there is no indication that Congress or the *Mendoza-Lopez* Court intended to treat jurisdictional defects any different than any other type of invalid or unlawful removal order."); *United States v. Gonzalez-Ferretiz,* No. 3:18-CR-117, 2019 WL 943388, at *4 (E.D. Va. Feb. 26, 2019) ("Allowing collateral challenges in Section 1326 prosecutions outside of Section 1326(d) flies in the face of the clear statutory text and Congress' intent.")

**III. Conclusion**

IT IS THEREFORE ORDERED this 28th day of May, 2019, that Defendant's amended motion to dismiss the indictment (Doc. 15) is DENIED. Defendant's initial motion to dismiss (Doc. 12) is DENIED AS MOOT.

_____s/ John W. Broomes_____
JOHN W. BROOMES
UNITED STATES DISTRICT JUDGE